IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, *Health & Welfare Fund by its trustees* Albert Hamamoto, Audrey Hidano, Henry Iida, Glen Kaneshige, Thomas Toma, Elmer Cabico, Paul C.K. Chang, Ronald Taketa, Clifford Resacio, Russell Young, Myles Hokama, Eric Hashizume, Lande Yoshimura and Keith Hirota; *Apprenticeship & Training Fund by its trustees* Conrad Murashige, Robert Donle, Ron Taketa, Lance Yoshimura, Dean Takahashi, Tomas Toma, Claude Matsumoto, Wil Ideue, Duke Lang, Terry Ikeda, John Bley and John Pitts; *Vacation & Holiday Fund by its trustees* James Watanabe, Wil Ideue, Gerard Sakamoto, Paul Sasaki, Jiggs Tamashiro, Jon Tesoro, Mel Fujii, Curtis Kern, Michael Cadaoas, Alfred Dela Cruz, Lani Smithson, Christian Tackett, Paul Silen and Mitchell Tynanes; *Market Recovery Program by its trustees* Thalia Choy, Alan Shintani, Steven Hidano, Gerard Sakamoto, Mark Kapahu, Glenn Young, Leonard Hoshijo, Lance Yoshimura, Peter Robb, Justin Kochi, Bill Wilson, Lance Inouye, Craig Fukuda and Darren Ho; *Financial Security Fund by its trustees* Gordon L. Scruton, Lance Wilhelm, Conrad Murashige, Kenneth Sakurai, Loyce C. Morris, Ronald Taketa, Kenneth Spence, Rockwell Rogers, Jr., Kealii B. Flood, Malvin Ang, Lance Yoshimura, Alan Shintani, Gerry Majkut and Mark Luna; *Drywall* | CIVIL NO. CV 08-00442 SOM LEK |

```
Training Fund by its trustees      )
Vince Nihipali, Sr., Clyde         )
Takatsuki, Karl Sinclair, Lito     )
Alcantra, Denis Mactagone,         )
William Maglinti, Jr., Raynard     )
(Shayne) Chung,  Reynaldo Tabura,  )
Bert Beaman, Chadan Reis and Sean  )
Newcamp; 401-K Fund by its         )
trustees Gordon Scruton, Conrad    )
Murashige, Kenneth Sakurai, Lance  )
Wilhelm, Loyce C. Morris, Malvin   )
Ang, Ronald Taketa, Lance          )
Yoshimura, Kenneth Spence,         )
Rockwell Rogers, Jr., Kealii B.    )
Flood, Alan Shintani, Gerry        )
Majkut and Mark Luna               )
                                   )
            Plaintiffs,            )
                                   )
       vs.                         )
                                   )
COSIER CONSTRUCTION, INC.; JOHN    )
DOES 1-100; JANE DOES 1-100; DOE   )
CORPORATIONS 1-100; DOE            )
PARTNERSHIPS 1-100; DOE ENTITIES   )
1-100; DOE GOVERNMENTAL UNITS 1-   )
100,                               )
                                   )
            Defendants.            )
                                   )
_____)
                                   )
```

**FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFFS' MOTION FOR ENTRY OF
<u>DEFAULT JUDGMENT AGAINST DEFENDANT COSIER CONSTRUCTION, INC.</u>**

On October 6, 2008, Plaintiffs Trustees of the Hawaii Carpenters Trust Funds ("Plaintiffs" or "Trust Funds"), by and through their attorneys, McCorriston Miller Mukai MacKinnon LLP, filed this action for damages against Defendant Cosier

2

Construction, Inc. ("Defendant"), alleging that Defendant materially breached its collective bargaining and trust agreements (the "CBA") entered into by Defendant and the United Brotherhood of Carpenters and Joiners of America, Local 745, AFL-CIO (the "Union").  Plaintiffs claim that Defendant failed to contribute and pay to the Trust Funds certain employee benefit contributions arising from work performed by Defendant's covered employees, which amounts should be paid to the Trust funds on or before the due dates as specified in the CBA and disclosed by an audit of Defendant's payroll records conducted in accordance with the terms of the CBA.

Jurisdiction of this Court is based on the Labor-Management Relations Act of 1947 ("LMRA"), as amended (29 U.S.C. § 185(a)) and the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended (29 U.S.C. §§ 1132 and 1145).

Service of process was made on Defendant on October 15, 2008, as evidenced by the Return of Service filed herein on October 16, 2008.  The Clerk of the Court entered default against Defendant on November 17, 2008.

On November 21, 2008, Plaintiffs filed the instant Motion for Entry of Default Judgment Against Cosier Construction ("Motion"), seeking to recover a money judgment for contributions owed, liquidated damages, additional per diem interest until

satisfaction of judgment, and attorneys' fees and costs to date, including fees for the attendance at the hearing on the Motion and finalization for the order and judgment thereafter from the Defendant, without prejudice to Plaintiffs seeking other and further damages from the Defendant arising from unaudited hours worked by Defendant's employees.  Plaintiffs also sought an award of attorney's fees in accordance with the terms of the CBA and in accordance with 29 U.S.C. § 1132(g)(2)(D).  The Motion came on for hearing on January 8, 2009, due notice of said hearing having been provided to Defendant.  Lorraine H. Akiba, Esq., appeared on behalf of Plaintiffs.  Defendant failed to appear and/or respond to the Motion.

Pursuant to this Court's instructions at the hearing on the Motion, on January 22, 2009, Plaintiffs filed a supplemental declaration with documentation supporting the current delinquent trust fund contributions and liquidated damages and the attorney's fees and costs incurred.  On January 23, 2009, this Court instructed Plaintiffs to submit a declaration or affidavit clarifying an apparent inconsistency between the delinquent trust fund contributions and the liquidated damages sought.  On January 30, 2009, Plaintiffs filed a second supplemental declaration with supporting documents.

**<u>FINDINGS</u>**

Having reviewed Plaintiffs' Motion, all supporting documentation, and the record established in this action, this Court finds as follows:

1. At all times material herein, each of the above-named Trust Funds was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the LMRA, 29 U.S.C. § 186, and a multi-employer employee benefit plan within the meaning of ERISA, 29 U.S.C. § 1002.

2. Defendant is a Hawaii corporation doing business in the State of Hawaii.

3. On or about August 31, 2004, Defendant made, executed and delivered to the Union, a certain written CBA, effective September 1, 2002, and amended and effective to and including August 31, 2009 entitled "Certification of Receipt and Acceptance Master Agreement covering Carpenters in the State of Hawaii and Declaration of Trust Agreements Appurtenant thereto" a copy of which is attached to the Complaint as Exhibit "B", by which Defendant agreed to the terms and conditions of the Special

Residential Agreement, and the various Trust Agreements establishing each of Plaintiffs' trusts.

4.   Under the terms of the CBA, Defendant promised to contribute and pay to the Trust Funds certain employee benefit trust fund contributions arising from hourly work performed by Defendant's covered employees.

5.   In accordance with the terms of the CBA, Defendant promised to submit timely reports to the Trust Funds reporting hours worked by Defendant's covered employees and to permit audits of their payroll records to allow Plaintiffs to ascertain whether all contributions due had been paid.

6.   In accordance with the terms of the CBA, Defendant agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Defendant would pay to each trust fund liquidated damages in the amount of twenty percent (20%) of such delinquent and unpaid contributions due to each respective fund or twenty dollars ($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by the CBA, for each delinquency as and for liquidated damages and not as a penalty.

7.   In accordance with the terms of the CBA and 29 U.S.C. § 1132(g)(2), the Trust Funds are entitled to recover

liquidated damages in a sum equal to twenty percent (20%) of delinquent trust fund contributions not received in accordance with the payment deadlines set forth in the CBA.

      8.   Under terms of the CBA and § 1132 (g)(2), the Trust Funds are entitled to recover interest from Defendant at the rate of twelve percent (12%) per annum on any unpaid trust fund contributions.

      9.   Based on information obtained, there is now known to be due, owing and unpaid to Plaintiffs from Defendant, contributions and liquidated damages as follows:

> Delinquent trust fund contributions for period
> September 2007,[1] April 2008 through
> November 2008 ............................ $31,318.19
>
> Liquidated damages for period December 2007,
> January 2008,[2] April 2008 through
> November 2008 ............................. $7,133.70
>
> TOTAL ..................................... $38,451.89

together with additional interest at a per diem rate of twelve percent (12%) until judgment is satisfied. The interest owed as of Plaintiffs' last calculation is $1,617.64. [Second Suppl. Decl. of Lorraine H. Akiba, filed 1/30/09, at ¶ 11.]

---

[1] Defendant failed to pay the correct amount due for September 2007. [Second Suppl. Decl. of Lorraine H. Akiba, filed 1/30/09, at ¶ 8.]

[2] Defendant's payment of contributions owed for December 2007 and January 2009 was submitted late. [Id.]

7

10. Defendant's obligations to the Trust Funds to pay trust fund contributions are continuing obligations and Defendant may accrue and owe additional trust fund contributions, lost earnings, and liquidated damages.

11. Under the terms of the CBA, Defendant promised that if the Trust Funds brought legal action to enforce the agreement against Defendant, Defendant would pay all of the Trust Funds court and audit costs and reasonable attorneys' fees.

12. Defendant breached the CBA by its continuous failure to pay and transmit employee benefit trust fund contributions to the Trust Funds.

13. Plaintiffs are not barred or precluded from later seeking all amounts owed for contributions, liquidated damages and interest which may subsequently be discovered through audits or otherwise, arising from work performed Defendant's employees both before and after August 2008.

14. As fiduciaries, Plaintiff trustees have standing under 29 U.S.C. §§ 1132(a)(3) and 1145 to bring this action in this court to seek redress for violations of terms of the plan and to enforce the terms of the plan by obtaining appropriate relief from this court.  Section 502(e) of ERISA grants exclusive jurisdiction to the district courts to hear "civil actions under this subchapter brought by the Secretary [of Labor] or by a

participant, beneficiary, [or] fiduciary."  29 U.S.C. § 1132(e)(1).

15.  An award of reasonable attorneys' fees and costs to employee benefit plans is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. §§ 1132(g)(2)(D) and 1145.

16.  Plaintiffs request $2,635.00 in attorney's fees, representing 15.50 hours of work by Plaintiffs' counsel Lorraine Akiba, Esq.[3]  Her hourly rate in this case is $170.

    A.  Ms. Akiba is a partner at McCorriston Miller Mukai MacKinnon, LLP and she was admitted to the Hawaii bar in 1981.

    B.  This Court finds that the requested hourly rate of $170 is manifestly reasonable for an attorney with Ms. Akiba's qualifications.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002) (stating that, in determining a reasonable hourly rate, courts consider the experience, skill, and reputation of the attorney requesting fees and the prevailing

---

[3] The Court notes that Ms. Akiba's original declaration in support of the Motion stated that Edwina Jones, a legal assistant also worked on this matter and that her hourly rate is $50 per hour.  [Motion, filed 11/21/08, Decl. of Lorraine H. Akiba at ¶ 13, 19.]  The documentation submitted with Ms. Akiba's supplemental declaration, however, does not include any time for work performed by Ms. Jones.  This Court therefore assumes that Plaintiffs only seek to recover Ms. Akiba's fees.

market rates in the community).

    C. The Court notes that Ms. Akiba has a number of entries for items such as follow up regarding the filing and service of the Complaint, and review of district court filing notices.  This Court finds that these tasks are clerical in nature.  Clerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate.  See, e.g., Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003).  This Court will therefore deduct 1.5 hours from Ms. Akiba's time.

    D. The Court also notes that the majority of Ms. Akiba's time is recorded in quarter-hour increments.  Plaintiffs' counsel explains that she used quarter-hour increments in this case because the hourly rate charged is below her customary hourly rate.  [Suppl. Decl. of Lorraine H. Akiba, filed 1/22/09 (dkt. no. 12) ("Suppl. Akiba Decl."), at ¶ 5.]  Be that as it may, the use of quarter-hour billing increments over the course of a litigation may result in unearned legal fees.  The instant case, however, involves a limited number of hours and this Court has already applied a reduction for clerical tasks.  This Court therefore declines to reduce Ms. Akiba's hours for the use of quarter-hour increments, but cautions Plaintiffs and counsel that the future use of quarter-hour increments may result

in a reduction.

        E.    This Court **FINDS** that a reasonable number of hours in this case is 14.00 and that a reasonable attorney's fee in this case is $2,380.00 (14.00 hours x $170 per hour).

    17.    Plaintiffs also request attorney's fees incurred at the hearing on the Motion and in preparation of the proposed order and judgment.  Plaintiffs' supporting documentation, however, only includes attorney's fees incurred up to and including December 31, 2008.  [Exh. A to Suppl. Akiba Decl.]  Plaintiffs filed the Supplemental Akiba Declaration on January 22, 2009, concurrently with its proposed findings and recommendation.  Thus, Plaintiffs could have included supporting documentation for their attorney's fees incurred up to January 22, 2009, including the hearing on the Motion and the preparation of the proposed findings and recommendation.  Insofar as Plaintiffs failed to do so, after this Court instructed Plaintiffs' counsel to submit updated supporting documentation of the attorney's fees incurred, this Court **FINDS** that Plaintiffs are not entitled to attorney's fees incurred from January 1, 2009 to the filing of these findings and recommendation.

    18.    Plaintiffs also request and $539.75 in costs, consisting of the following:

```
9/30/08    filing fee for Complaint                    $350.00
```

```
9/30/08    certification fee for Complaint           $   9.00
10/6/08    copying charges (312 copies)              $  62.40
10/6/08    copying charges (76 copies)               $  15.20
10/17/08   service fee & mileage for service of      $ 102.55
           Complaint & Summons on Defendant
12/3/08    fax charge (3 pages)                      $   0.60
                                              Total  $ 539.75
```

[Exh. A to Suppl. Akiba Decl.]  This Court **FINDS** that the requested expenses were reasonably and necessarily incurred in this case and are the type of expenses that are typically charged to a fee paying client.

### RECOMMENDATION

In accordance with the foregoing, this Court FINDS AND RECOMMENDS that Plaintiffs' Motion for Entry of Default Judgment Against Cosier Construction, filed November 21, 2008, be GRANTED IN PART AND DENIED IN PART.  This Court RECOMMENDS that the Motion be GRANTED in the following respects: judgment should be entered in favor of Plaintiff and against Defendant for the recovery of damages in the amount of $38,451.89, inclusive of liquidated damages and per diem interest until satisfaction of judgment; and Plaintiffs should be awarded attorney's fees in the amount of $2,380.00, and costs in the amount of $539.75.  This Court RECOMMENDS that the Motion be DENIED as to Plaintiffs' request for attorney's fees and costs incurred from January 1, 2009 to the filing of these findings and recommendation.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, February 3, 2009.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**HAWAII CARPENTERS TRUST FUNDS, ETC., ET AL. V. COSIER CONSTRUCTION, INC., ET AL; CIVIL NO. 08-00442 SOME; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT COSIER CONSTRUCTION, INC.**